**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTIAL H., | ) | |
| | ) | |
| Plaintiff, | ) | No. 21-cv-751 |
| | ) | |
| v. | ) | Magistrate Judge Susan E. Cox |
| | ) | |
| KILILO KIJAKAZI, Commissioner of | ) | |
| the Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Christial H.[1] appeals the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her disability benefits. The parties have filed cross motions for summary judgment.[2] As detailed below, Plaintiff's motion for summary judgment [dkt. 15] is GRANTED; Defendant's motion for summary judgment [dkt. 18] is DENIED. The ALJ's decision is reversed and remanded for proceedings consistent with this Memorandum Opinion and Order.

1. **Procedural Background and ALJ Decision**

On August 2, 2018, Plaintiff protectively filed a claim for disability insurance benefits with an alleged onset date of March 10, 2010. (Administrative Record ("R.") R. 15.) Plaintiff's claim was denied initially and upon reconsideration, after which Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (*Id.*) Subsequently, on July 22, 2020, the ALJ issued an unfavorable decision finding

---

[1]  In accordance with Northern District of Illinois Internal Operating Procedure 22, the Court refers to Plaintiff only by her first name and the first initial of her last name(s).

[2]  Plaintiff has filed a Memorandum in Support of Reversing the Decision of the Commissioner of Social Security [dkt. 15], which the Court construes as a motion for summary judgment.

Plaintiff not disabled under the Act. (R. 15-24.) That decision followed the familiar five-step analytical process required by 20 C.F.R. § 416.920. Plaintiff requested, and was denied, Appeals Council review (R. 1-6), leaving the ALJ's decision as the final decision of the Commissioner, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005). Plaintiff, through counsel, filed the instant action on February 10, 2021, seeking review of that decision. (Dkt. 1.)

## 2. Social Security Regulations and Standard of Review

The Social Security Act requires all applicants to prove they are disabled as of their date last insured to be eligible for disability insurance benefits. In disability insurance benefits cases, a court's scope of review is limited to deciding whether the final decision of the Commissioner of Social Security is based upon substantial evidence and the proper legal criteria. *Scheck v. Barnhart*, 357 F.3d 697, 699 (7th Cir. 2004). Substantial evidence exists when a "reasonable mind might accept [the evidence] as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001). While reviewing a commissioner's decision, the Court may not "reweigh evidence, resolve conflicts in the record, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Young*, 362 F.3d at 1001. Although the Court reviews the ALJ's decision deferentially, the ALJ must nevertheless "build an accurate and logical bridge" between the evidence and his conclusion. *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002) (internal citation omitted). The Court cannot let the Commissioner's decision stand if the decision lacks sufficient evidentiary support, an

2

adequate discussion of the issues, or is undermined by legal error. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535,539 (7th Cir. 2003); *see also*, 42 U.S.C. § 405(g).

**3.     Discussion**

Plaintiff asserts, in part, that the ALJ's RFC assessment fails to address or account for her sitting limitations. The Court agrees.

As part of his five-step analytical process, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform sedentary work with the following limitations: occasional reaching overhead with her bilateral upper extremities; occasional climbing of ramps and stairs but no climbing of ladders, ropes, or scaffolds; occasional balancing, stooping, kneeling, crouching, and crawling; no concentrated exposure to unprotected heights, moving mechanical parts, or vibration. [R. 18-19.] Sedentary work requires six hours of sitting in eight-hour workday. SSR 96–9P.

Plaintiff contends she would not be able to sit for long enough periods of time to meet the demands of sedentary work. [Dkt. 15, p. 14.] This contention is supported by pain clinic notes from both before and after Plaintiff's date last insured. [R. 410, 414, 418.] The pain clinic notes bear out that Plaintiff reported chronic pain when sitting for prolonged periods, usually at a 9/10 on the pain scale. *Id*. However, the ALJ did not adequately consider this record evidence that Plaintiff could not sit for an entire workday. In fact, nowhere in his decision does the ALJ mention or discuss any potential limitations with respect to sitting. This despite Plaintiff's corroborating testimony she even has trouble sitting on the toilet, so she mostly gets in the tub (with the assistance of family members) to relieve herself; this despite Plaintiff's testimony she often goes days without being to relieve herself until a family member

3

can help her. [R. 39.] The Court is surprised the ALJ would fail to address such compelling testimony as to a limitation of a major life activity, particularly one that finds continual support in the medical evidence of record. Had the ALJ credited this evidence, it is unlikely Plaintiff would have been able to sustain even sedentary work within the RFC.

In sum, the ALJ's failure to address this evidence creates a void where there should be "an accurate and logical bridge" between the evidence and the ALJ's conclusions. *Steele*, 290 F.3d at 941. The Court finds this omission to be a reversible error. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535,539 (7th Cir. 2003) (Commissioner's decision cannot stand if it lacks an adequate discussion of the issues). On remand, the ALJ should address Plaintiff's sitting limitations and discuss whether they impact her ability to work.

**4. Conclusion**

For the foregoing reasons, the Court must reverse and remand for proceedings consistent with this Memorandum Opinion and Order. The Court declines to reach a decision on any other bases of error raised by the Plaintiff. Plaintiff's motion for summary judgment [dkt. 15] is GRANTED; Defendant's motion for summary judgment [dkt. 18] is DENIED.

**ENTERED: 6/1/2022**

Susan E. Cox,
United States Magistrate Judge